IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DWAUN E. FLEMING, SR.,

Plaintiff,                                          OPINION and ORDER

v.                                                      24-cv-358-wmc

C.O. DAMAN, SGT. ROSENTHAL,
LT. VERHAGEN, and JOHN AND JANE DOES,

Defendants.

Plaintiff Dwaun Fleming, Sr., who is representing himself while incarcerated at Jackson Correctional Institution, has filed a proposed complaint under 42 U.S.C. § 1983, claiming that correctional staff at the Outagamie County Jail acted with deliberate indifference to his post-surgical hand limitation when they forced him to use a top bunk in June 2016, and then waited a full day to get him medical care when he fell and broke his thumb on the same day.  Because plaintiff's claim accrued in June 2016, and plaintiff did not file his complaint in this court until May 28, 2024, the court ordered plaintiff to show cause (dkt. #12) why his complaint should not be dismissed as barred by the six-year statute of limitations applicable to his claim.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (§ 1983 claim accrues when plaintiff has complete and present cause of action, can file suit, and obtain relief and is subject to forum state's statute of limitations for personal injury claims); Wis. Stat. § 893.53 (eff. to Apr. 4, 2018) (statute of limitation for personal injury claims accruing before April 5, 2018, is six years); *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (although the statute of limitations is an affirmative defense, the court may dismiss a complaint on its own motion if the allegations make clear that it is

untimely); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (same).  While plaintiff has not disputed that his claim accrued in June 2016, and he failed to file it within the applicable six-year statute of limitations period, or before June 2022, he explains in his responses that he was incarcerated "over a period of time," unable to keep in contact with his attorney to move forward with his claim, and not able to obtain the surgery he needs on his thumb at his current institution.  (Dkt. ##13 and 17.)

In certain cases, federal courts may apply the state doctrines of equitable tolling and equitable estoppel to excuse a plaintiff's failure to meet a filing deadline, but none of the reasons provided by plaintiff warrant the application of these doctrines in this case.  *See Robinson v. Sommers*, No. 23-cv-640, 2023 WL 7629601, at *1 (W.D. Wis. Nov. 14, 2023). While Wisconsin law on equitable tolling is sparse, it is clear that equitable tolling is available only when the failure to meet a filing deadline is out of the party's control or occurred despite the party's due diligence.  *Id.* (citing *DeGrave v. DOC*, No. 21-cv-256-wmc, 2021 WL 5371393, at *2 (W.D. Wis. Nov. 18, 2021); *Coleman v. Messman*, No. 13-cv-566-jdp, 2014 WL 4678264, at *3 (W.D. Wis. Sept. 18, 2014)); *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006).  And equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time."  *Franklin v. Warmington*, 709 F. App'x 373, 375 (7th Cir. 2017).  However, plaintiff's pro se status or incarceration alone, even in administrative segregation, does not justify equitable tolling.  *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Robinson*, 2023 WL 7629601, at *1.  In addition, plaintiff has not explained how his thumb injury or not being in contact with his attorney stopped him from bringing this lawsuit

2

earlier.  Indeed, plaintiff's ability to file inmate complaints about his fall on June 14 and 20, 2016 (*see* dkt. #1, at 2-3), demonstrate that he had access to all of the information he needed to file his claim by June 2022.[1]  While plaintiff further alleges that jail officers failed to address his complaints and that he lost all of his paperwork when moving to a state prison, neither of these things prevented plaintiff from filing his complaint about his confinement in Outagamie County Jail, as he eventually did in 2024.

Accordingly, the court will dismiss plaintiff's complaint with prejudice as untimely and assess a strike under 28 U.S.C. § 1915(g).  *See Cannon v. Newport*, 850 F.3d 303, 307-08 (7th Cir. 2017) (complaint dismissed in part as untimely counted as strike under § 1915(g)); *Richards v. Kleinhubert*, 263 F. App'x 493, 494-95 (7th Cir. 2008) (complaint dismissed as untimely counted as strike under § 1915(g)).

ORDER

IT IS ORDERED that the complaint filed by plaintiff Dwaun Fleming, Sr. is DISMISSED with prejudice as untimely.  The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g), enter judgment, and close this case.

Entered this 21st day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court notes that plaintiff has been granted leave to proceed in a separate civil action filed in 2022 with claims concerning medical care for his thumb injury while in state prison.  *See Fleming v. Carr, et al.*, Case No. 22-cv-473 (W.D. Wis.).  That case remains pending in this court.